IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NANCY K. LADELY,

        Plaintiff,

  v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 3:17-cv-00739-SU

**OPINION AND ORDER**

SULLIVAN, United States Magistrate Judge:

    Plaintiff Nancy K. Ladely brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied plaintiff Disability Insurance

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NANCY K. LADELY,

    Plaintiff,

  v.

COMMISSIONER, Social Security Administration,

    Defendant.

Case No. 3:17-cv-00739-SU

**OPINION AND ORDER**

SULLIVAN, United States Magistrate Judge:

    Plaintiff Nancy K. Ladely brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied plaintiff Disability Insurance

Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq.* For the following reasons, the Court AFFIRMS the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on May 7, 2013, claiming disability beginning August 22, 2011, later amended to April 1, 2013. Tr. 142-48, 158.[1] Her claim was denied initially on September 12, 2013, and upon reconsideration on February 24, 2014. Tr. 61-62, 91-95. A hearing was held July 2, 2015, in Portland, Oregon, before Administrative Law Judge ("ALJ") Vadim Mozyrsky. Tr. 37-60. Plaintiff testified, represented by counsel; a vocational expert ("VE"), Gary Kesky, also testified. *Id.* On October 9, 2015, the ALJ issued a decision finding plaintiff not disabled under the Act and denying benefits. Tr. 17-30. Plaintiff requested Appeals Council review, which was denied March 15, 2017. Tr. 1-13. Plaintiff then sought review before this Court.[2]

## FACTUAL BACKGROUND

Born in 1976, plaintiff has a master's degree in biopsychology. Tr. 44, 142. Plaintiff suffers from migraine headaches and experiences dizziness, as well as gastritis. Tr. 44-45, 391, 626. Plaintiff suffers from bipolar and somatoform disorders, and anxiety and depression, and exhibits histrionic and borderline personality traits. Tr. 319, 331, 386, 553, 695, 794.

## LEGAL STANDARDS

### A. Burden of Proof and Evidentiary Requirements

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla.

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the Administrative Record filed with the Commissioner's Answer. (Docket Nos. 14, 15).
[2] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 8).

It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted). The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

    **B.    Five-Step Sequential Process**

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the

claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the ALJ must evaluate medical and other evidence to determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant can perform on a regular and continuing basis, despite any limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). At the fourth step, the ALJ determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, he is not disabled; if he cannot, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found that plaintiff meets the insured status requirements of the Act through December 31, 2016. Tr. 19. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended alleged disability onset date. *Id.* At step two, the ALJ found that plaintiff had the severe impairments of migraine headaches, gastritis, vertigo, bipolar disorder, anxiety, depression, and somatization. *Id.* At step three, the ALJ found that

plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment. *Id.* The ALJ found that plaintiff had the RFC to perform light work, with certain physical limitations, limited to simple routine and repetitive tasks with simple work-related decisions, and only incidental contact with the general public and occasional contact with coworkers. Tr. 21. In so finding, the ALJ gave "limited weight" to the opinions of treating psychiatrist Charles Kuttner, M.D. Tr. 26. At step four, the ALJ found plaintiff unable to perform past relevant work. Tr. 28. At step five, the ALJ found that there existed jobs that exist in significant numbers in the national economy that plaintiff could perform, such as in assembly, packaging and sorting, and laundry sorting. Tr. 29-30. The ALJ thus found plaintiff not disabled under the Act and not entitled to benefits. Tr. 37.

## ANALYSIS

Plaintiff argues that the ALJ in two regards: (1) failing to provide specific and legitimate reasons based on substantial evidence for discounting Dr. Kuttner's opinions regarding plaintiff's "marked" limitations in social functioning and activities of daily living; and (2) failing to consider plaintiff's amended alleged onset date. The Court finds that the ALJ did not err.

**I.** **Treating Medical Provider Opinion**

Plaintiff argues that the ALJ erred in giving the opinions of treating psychiatrist Charles Kuttner, M.D., limited weight. In a June 22, 2015, letter, Dr. Kuttner opined that plaintiff's impairments resulted in marked restrictions in activities of daily living and in maintaining social function. Tr. 835-36.

The weight given to the opinion of a physician depends on whether the physician is a treating, examining, or nonexamining physician. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citing 20 C.F.R. § 404.1527). If a treating or examining physician's opinion is

not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. *Id.* (treating physician); *Widmark v. Barnhart*, 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician). Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 632; *Widmark*, 454 F.3d at 1066. "An ALJ can satisfy the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation omitted).

The ALJ provided multiple specific and legitimate reasons, supported by substantial evidence, for giving Dr. Kuttner's treating physician medical opinions limited weight.[3]

First, the ALJ reasoned that Dr. Kuttner's opinion "is inconsistent with stable and improved mental symptoms he consistently documented in 2014 and 2015," citing to Exhibits 14F and 17F. AR 26. Inconsistency with a physician's own clinical findings is a specific and legitimate basis to discount that physician's opinions. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Kuttner's treatment notes contain multiple references to plaintiff's improvement and stability.[4] Plaintiff contends, by citing to other medical records, that she has shown a lack of improvement and stability. The citation to other record evidence to argue an alternative interpretation of medical evidence is not sufficient to show the ALJ erred or to show that an ALJ's interpretation is invalid where that interpretation is supported by the evidence. The

---

[3] The ALJ assigned "greatest weight" and significant weight to the state's medical consultant and psychological consultant, respectively. The parties agree that the standard for a contradicted treating physician's opinion, specific and legitimate reasons supported by substantial evidence, applies here. *See* Pl. Opening Br., at 7 (Docket No. 26); Def. Br., at 9 (Docket No. 28).

[4] Jan. 26, 2015 ("mood has gradually come back to OK"), AR 825; Dec. 29, 2014 ("Mood continues good"), AR 828; Nov. 12, 2014 ("Latuda is still helping a lot with mood."), AR 831; Mar. 11, 2014 ("Now that has" changed medication dosage, "is better."), AR 856.

ALJ's interpretation is entitled to deference. *See Batson v. Comm'r*, 359 F.3d 1190, 1198 (9th Cir. 2004).

Second, the ALJ reasoned that Dr. Kuttner's "overly restrictive mental limitations . . . are inconsistent with the longitudinal record." AR 26. The ALJ gave this as another valid reason to discount Dr. Kuttner's opinion, and the Court agrees. *Orn*, 495 F.3d at 631. The ALJ surveyed the longitudinal record in the Decision, including plaintiff's mental health symptoms. *See* AR 20-21, 24-25. Plaintiff objects to the method of citation to the record that the ALJ cites, arguing that the ALJ did not cite specifically enough to the record. However, the standard on review is not specificity to record citations but specific and legitimate reasons to discount a physician's opinion, which is satisfied here by a finding of inconsistency. *Orn*, 495 F.3d at 631. Even if the ALJ's Decision could have been presented with greater clarity or organization, the Court must "uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned," *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43, (1983), as it can be here.

These two grounds for discounting Dr. Kuttner's opinions—inconsistency with his own treatment records and inconsistency with the longitudinal record—constitute valid and sufficient, specific and legitimate reasons, supported by substantial evidence, such that the ALJ did not err in assigning those opinions little weight. Plaintiff also argues the ALJ offered additional, reasons for discounting Dr. Kuttner's opinions. These grounds are separate and independent. Any error raised is harmless and does not undermine the valid grounds the ALJ gave for discounting Dr. Kuttner's opinion. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). The Court briefly notes those here:

Plaintiff disagrees with the ALJ's characterization of the nature of somatoform disorder. The ALJ stated that because plaintiff's physical manifestations of that disorder "are attributable to recognizable medical impairments," and that because plaintiff has taken medication for those physical impairments, "the diagnosis of somatoform disorder is questionable." Tr. 26. However, with somatoform disorder (now termed "somatic symptom disorder"), "[t]he symptoms may or may not be associated with another medical condition. The diagnoses of somatic symptom disorder and a concurrent medical illness are not mutually exclusive, and these frequently occur together." *Diagnostic and Statistical Manual of Mental Disorders*, Fifth Ed., at 311 ("DSM-V"). The concurrence of both somatoform disorder and a medical illness, and the treatment of both, does not undermine the somatoform diagnosis.

Plaintiff argues that the ALJ erred when he speculated that because Dr. Kuttner previously worked with plaintiff, "his opinion is colored by his prior acquaintance as a close colleague . . . . [I]n his role as treating physician [he] appears to have advocated on his client's behalf, rather than rendered an objective assessment of medical evidence." Tr. 26. While the ALJ "may introduce evidence of actual improprieties," he "may not assume that doctors routinely lie in order to help their patients collect disability benefits." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (quotations omitted). The ALJ here has cited no evidence of "actual improprieties"; he only speculates that, because Dr. Kuttner has known plaintiff for some time, he is biased. This is an unsupported and impermissible assumption. To the contrary, the longer the treatment relationship, the more weight that should generally be given to a medical provider's opinion. *See* 20 C.F.R. § 404.1527(c)(2). While the ALJ was not entitled to speculate about plaintiff's former relationship to Dr. Kuttner, this is not the sole reason the ALJ gave for giving the opinion limited weight and is not reversible error.

Plaintiff also argues the ALJ erred in claiming Dr. Kuttner's opinions were internally inconsistent regarding the assessment of limitations in social functioning. The ALJ wrote that even though Dr. Kuttner assessed plaintiff as having marked limitation in social functioning, he also assessed that plaintiff could have limited contact with coworkers and supervisors, which could entail plaintiff having "occasional superficial contact with coworkers and supervisors." Tr. 26. This is not inconsistent. "Marked" limitations are not the most severe; those are "extreme" limitations. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138, 66146-47, 66164 (Sept. 26, 2016). While an "extreme" limitation might rule out even "occasional superficial contact" with others, a "marked" limitation, by being less severe than "extreme," may allow some interpersonal contact.

Lastly, plaintiff argues that the ALJ erred in discounting Dr. Kuttner's assessment that she was markedly impaired in social functioning and in activities of daily living. However, because the ALJ gave specific and legitimate reasons, supported by substantial evidence, as discussed above, to discount those opinions, it follows that it was proper for the ALJ also to discount the specific limitations assessments Dr. Kuttner provided. Further, in making this argument regarding social functioning and daily living, plaintiff attacks not the grounds that the ALJ gave for discounting Dr. Kuttner's opinions, but the reasoning the ALJ provided in assessing plaintiff's limitations elsewhere in the disability analysis under his step three determination. Plaintiff has not asserted any error in the ALJ's step three reasoning or findings. Further, assertion of error on step three is governed by a different set of legal standards from those that apply to discounting a treating physician's opinion in determining the RFC, *see, e.g.*, *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); *Garrison*, 759 F.3d at 1011. Plaintiff has not claimed error or presented arguments under the set of standards for a step three listing error.

Thus, the ALJ provided specific and legitimate reasons, supported by substantial evidence, for giving Dr. Kuttner's opinions limited weight, despite separate and independent but improper additional bases for that finding. The ALJ did not err here.

## II.  Amended Alleged Onset Date

Plaintiff argues that the ALJ relied on the originally claimed disability date of August 22, 2011, rather than the amended onset date of April 1, 2013.

"In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." Social Security Ruling ("SSR") 83-20, 1983 WL 31249 (Jan. 1, 1983).

As to the amended alleged onset date of disability, plaintiff's only objection is to the ALJ's citation of medical evidence from 2012 regarding plaintiff's use of narcotic medications, and whether plaintiff had disabling side effects from those medications. *See* Pl. Opening Br., at 17 (Docket No 26).[5] The ALJ cited this record evidence in analyzing plaintiff's subjective symptom testimony and whether her statements regarding the limiting effects of those symptoms were credible. AR 24. However, plaintiff has not asserted any error with regard to the ALJ's finding that plaintiff's symptom testimony was not fully credible. Even without reference to the 2012 medical evidence regarding discontinuation of the narcotic medication, the ALJ's finding regarding plaintiff's symptom testimony is unquestioned on review. Thus, plaintiff has not shown that any error in citing medical evidence from before the amended disability onset date was harmful. The ALJ's reference to 2012 medical records, if erroneous, was harmless error. *See Robbins*, 466 F.3d at 885.

---

[5] In her Reply brief, plaintiff speculates that, given the nature of the ALJ's citations, the ALJ "may have relied on" evidence predating the amended alleged onset date of disability. Pl. Reply Br., at 10 (Docket No. 30). However, conjecture about what evidence the ALJ may have relied on is not sufficient to show error, much less harmful and reversible error.

## CONCLUSION

For these reasons, the Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 23rd day of May, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge